IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-322-D-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| ERNEST AUGUSTUS HAWKINS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, and defendant the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 15 September 2010 for the following offenses occurring on or about 20 May 2008: conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951 (ct. 1); and interference with commerce by robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951 and 2 (ct. 2). The evidence presented at the hearing showed that the charges arise from a home invasion on the alleged offense date. All four members of the home

invasion crew, who were affiliated with the E40 gang, were armed. Defendant's co-defendant, a member of the crew, shot one of the occupants of the residence in the stomach at the start of the invasion. The crew members then bound and gagged all seven occupants. Police were alerted and the invasion crew was apprehended, three at the scene and defendant's co-defendant later. The home invasion was carried out on the instructions of defendant as leader of the E40 gang. On two occasions after the home invasion, defendant complained that had the crew followed his instructions the home invasion would not have been foiled.

Defendant has been implicated by witnesses in 5 of the gang's approximately 20 home invasions. The invasions target drug traffickers and are designed to facilitate the E40 gang's own drug trafficking activity. The residence that was the subject of the charged home invasion was used for drug distribution.

Defendant is also a suspect in two ongoing murder investigations (in which no charges have been brought). In one case, police suspect that he himself shot the decedent for competing with the E40 gang. In the other, defendant is suspected of having ordered the decedent to be killed in retaliation for not paying extortion to the E40 gang. The authorities obtained the information set out herein regarding defendant's activities, the instant charged offenses, and the E40 gang from current and former E40 gang members, others working with E40, and victims of E40 gang activity.

**Discussion**

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the violent and gun-related nature of the offenses charged; the circumstances of the offenses charged, including the use of firearms, the alleged commission of the offenses while defendant was on probation, and the association of the alleged offenses with drug-

trafficking; defendant's criminal record, including 4 felony convictions, 14 misdemeanor convictions (6 for assault), three formal probation revocations, commission of most of the offenses while on probation, and 4 failures to appear; the unsuitability of the proposed third-party custodial arrangement due to the high degree of flight risk and risk of danger presented by defendant, and the proposed custodian's substantial criminal record; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, defendant argues that his current physical condition negates any risk of danger. But he has suffered from physical problems for an extended period, albeit not apparently as acute as his current problems, and they did not prevent him from engaging in offense conduct. Conspiring to commit home invasions obviously does not require physical prowess. There was evidence that defendant has a mental impairment, but it was not shown to prevent him from engaging in criminal conspiracies either.

Defendant's physical condition also does not negate the risk of flight he presents. Among other reasons, his position as leader of a gang is likely to give him access to people willing to facilitate his flight. His record, particularly his repeated commission of offenses while on probation, makes clear that the court's order would not deter him from fleeing. He unquestionably has a strong incentive to flee given the substantial prison term he faces if convicted.

**Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense

counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 1st day of November 2010.

James E. Gates
United States Magistrate Judge